United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Elizabeth Nelson  
      Debtor

Case No. 14-18841-mdc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2      User: ChrissyW      Page 1 of 1      Date Rcvd: Jul 27, 2016  
                    Form ID: pdf900      Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 29, 2016.
```
db             +Elizabeth Nelson,    4721 Penn Street,    Philadelphia, PA 19124-5822
13418002        PNC Bank, National Asociation,    249 Fifth Avenue, One PNC Plaza,    Pittsburgh, PA 15222
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.      TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 29, 2016          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 27, 2016 at the address(es) listed below:
```
          ANDREW F GORNALL    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION
           agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
          DEVON E. SANDERS    on behalf of Debtor Elizabeth  Nelson dsanders@clsphila.org
          PAMELA ELCHERT THURMOND    on behalf of Creditor    City of Philadelphia pamela.thurmond@phila.gov,
           james.feighan@phila.gov
          THOMAS I. PULEO    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                             TOTAL: 6
```

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|     Elizabeth Nelson, | : | |
|         Debtor. | : | Bankruptcy No. 14-18841-MDC |

# O R D E R

**AND NOW**, after notice, this Court held an evidentiary hearing on May 5, 2016 (the "Hearing"),[1] to consider the Objection dated December 17, 2015 (the "Objection"), filed by Elizabeth Nelson (the "Debtor") to the Proof of Claim dated March 17, 2015 (the "Claim"), filed by PNC Mortgage ("PNC") in the total amount of $60,888.58.

**AND**, at the Hearing, counsel for the Debtor and PNC appeared.

**AND**, at the Hearing, counsel for the Debtor acknowledged that, since the filing of the Objection, the parties had partially resolved the subject matter of the Objection.

**AND**, as summarized by counsel for the Debtor, the Debtor continued to object to the claim of the basis of the following: (1) the Claim is not entitled to prima facie validity because PNC had not attached all necessary writings in support of its Claim; (2) PNC is not entitled to $5,140.34[2] in fees and costs incurred in connection with pre-petition foreclosure proceedings because PNC accelerated its loan without first complying with HUD-FHA regulations concerning loss mitigation; (3) in the alternative to her second objection, the amount of the Claim should be reduced because the amount of PNC's fees and costs incurred in connection with pre-petition foreclosure proceedings is not reasonable because it exceeds the amount set forth by the HUD Mortgagee Letter 2005-30 and the HUD Schedule of Standard

---

[1] Audio recording of Hearing 5/5/2016 @ 12:48 p.m., Bky. No. 14-18841MDC.

[2] This amount includes the following charges: (1) attorneys' fees in the amount of $4,372.50; (2) filing fees and court costs in the amount of $447.84; (3) title costs in the amount of $200.00; and (4) service costs in the amount of $120.00.

Attorney's Fees; and (4) PNC is not entitled to reimbursement of $288.00 in property inspection charges because the Property has been, at all times, occupied by the Debtor.[3]

**AND**, in support of her Objection, the Debtor, with the aid of a translator, provided testimony to this Court at the Hearing.

**AND**, at the close of the Hearing, the Debtor requested this Court provide a briefing schedule to enable her to address (1) whether PNC has met its burden in establishing the amount of its Claim; and (2) the legal impact of PNC's failure to participate in mandatory loss mitigation procedures.

**AND**, having considered the parties' arguments made to this Court at the Hearing and supplemental by their subsequent briefing, it is hereby **DETERMINED**:

1. The Debtor and Commonwealth United Mortgage, PNC's predecessor in interest,[4] executed a Note dated March 2, 2005 (the "Note"), evidencing the Debtor's indebtedness to PNC in the original principal amount of $51,587.00 (the "Loan").

2. To secure the repayment of the Loan, the Debtor executed a Mortgage dated March 2, 2005 (the "Mortgage"), granting to Commonwealth United Mortgage, PNC's predecessor in interest, a security interest in certain real property located at 4721 Penn Street, Philadelphia, Pennsylvania (the "Property").

3. As evidenced by the Claim, PNC asserts that the Debtor, as of the Petition Date, owed PNC a total of $60,888.58.

4. Of this amount, PNC alleges that, as of the Petition Date, the Debtor owed principal payments in the total amount of $44,943.10 and interest in the total amount of $5,883.21.

5. PNC further alleges that, as of the Petition Date, the total amount of installment payments due was $12,131.16.

---

[3] Prior to the Hearing, PNC withdrew its request for reimbursement of $2,067.50 in property preservation charges. In addition, the Debtor withdrew its objection to PNC's request for reimbursement of $99.98 in late charges. As a result, this Court was not required to address the Debtor's objections to these charges.

[4] The Debtor concedes that PNC is the present holder of the Note and Mortgage.

2

6. In addition to principal and interest payments, PNC includes, in its calculation of the amount of the Claim, pre-petition fees, expenses and charges in the total amount of $7,616.82 consisting of the following amounts:

   a. late charges in the amount of $99.98;

   b. attorneys' fees in the amount of $4,372.50;

   c. filing fees and court costs in the amount of $447.84;

   d. title costs in the amount of $200.00;

   e. property inspection fees in the amount of $288.00;

   f. property preservation expenses in the amount of $2,067.50;

   g. service costs in the amount of $120.00;

   h. state sales tax in the amount of $21.00.

7. Prior to the Debtor filing her voluntary petition for chapter 13 relief dated November 5, 2014 (the "Petition Date"), PNC commenced a foreclosure action captioned *PNC Bank, N.A. Successor by Merger v. Nelson*, Philadelphia Court of Common Pleas, Case ID 13042568 (the "Foreclosure Action").

8. Prior to PNC's obtaining relief in the Foreclosure Action, the Debtor filed for bankruptcy relief thereby staying the Foreclosure Action.

9. Pursuant to Fed. R. Civ. P. 36, the Debtor served a Request for Admissions dated April 1, 2016 (the "Request for Admissions"), upon PNC.

10. Among the matters addressed by the Request for Admissions, the Debtor requested PNC "[a]dmit that PNC failed to consider all loss mitigation options with [the Debtor's] prior to filing the foreclosure action." Request for Admissions, ¶1.

11. In addition, the Debtor requested PNC "[a]dmit that PNC has never had a property inspection report stating that the property was abandoned or vacant." Request for Admissions, ¶7.

12. PNC acknowledges that it received the Requests for Admissions and that it failed to respond.

13. Accordingly, pursuant to Fed. R. Civ. P. 36(a)(3), the matters addressed by the Request for Admissions are deemed admitted. *McNeil v. AT & T Universal Card*, 192 F.R.D. 492, 494 (E.D. Pa. 2000) (*citing Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).

**The Prima Facie Sufficiency of the Claim**

14. In its first objection, the Debtor argues that the Claim is not entitled to prima facie validity because PNC failed to attach all necessary writings as required by Fed. R. Bankr. P. 3001(f).

15. Specifically, the Debtor argues that PNC's failure to attach evidence of the perfection of its security interest precludes this Court from affording the Claim prima facie validity.

16. In her Objection, arguments at the Hearing and her post-hearing briefing, the Debtor failed to identify any other basis for her challenge to the Claim's prima facie validity.

17. Pursuant to Federal Rule of Bankruptcy Procedure 3001, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

18. When addressing a proof of claim for mortgage arrears, this Court must address each component of the claim separately. *In re Wells*, 463 B.R. 320, 326 (Bankr. E.D. Pa. 2011).

19. Fed. R. Bankr. P. 3001(d) requires that a proof of claim be filed with evidence that the security interest has been perfected.

20. With regard to a claim evidencing mortgage debt, compliance with Fed. R. Bankr. P. 3001(d) requires a mortgagee to submit a statement including recording information. *See, e.g., In re Ahmadi*, 467 B.R. 782, 788-89 (Bankr. M.D. Pa. 2012).

21. From this Court's review of the Claim, it appears that the copy of the Mortgage attached to the Claim contains sufficient evidence to show that it was properly recorded.

22. The Mortgage bears a stamp stating that its ten pages were recorded on March 11, 2005 at 4:02 p.m. with the Commissioner of Records of the City of Philadelphia.

23. Finding that the Mortgage contains sufficient proof that the Mortgage was recorded, this Court finds that the Claim complies with Fed. R. Bankr. P. 3001(f).

4

24. In addition, this Court finds that, by attaching an itemization of the delinquent monthly payments and the other charges included in the amount asserted by the Claim, the Claim satisfies Fed. R. Bankr. P. 3001 and constitutes prima facie evidence of the validity and amount owed by the Debtor to PNC. *In re Sacko*, 394 B.R. 90, 102 (Bankr. E.D. Pa. 2008).

**The Debtor's Other Objections to Specific Charges**

25. In addition to her challenge to the prima facie validity of the Claim, the Debtor challenges the inclusion of certain fees and charges included within the amount of the Claim.

26. The remaining objection relates to two charges included in the amount of the Claim: (1) $5,140.34 in attorneys' fees and costs incurred in connection with the Foreclosure Action; and (2) $288.00 in property inspection fees.

27. With regard to the $5,140.34, the Debtor argues that PNC is not entitled to this amount because, as required by the terms of the Mortgage, PNC did not comply with HUD-FHA regulations concerning loss mitigation prior to commencing the Foreclosure Action.

28. With regard to the $288.00, the Debtor argues that PNC is not entitled to this amount because the Property was occupied, at all times, by the Debtor.

**Fees and Costs Incurred in Connection with the Pre-Petition Foreclosure Action**

29. In support of the Objection, the Debtor must produce "substantial evidence" that, "if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also In re Smith*, 463 B.R. 756, 766-67 (Bankr. E.D. Pa. 2012) (discussing "the general principles" that "should be applied in considering an objection to a proof of claim based on a residential mortgage."); *Sacko*, 394 B.R. at 98-99 (same).

30. The terms of the Mortgage include the following provision:

> **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

Mortgage, ¶9(d).

5

31. From the inclusion of this language, this Court concludes that the parties intended the Mortgage to incorporate HUD-FHA regulations into the terms of the parties' agreement. *In re Ruiz*, 501 B.R. 76, 79 (Bankr. E.D. Pa. 2013) ("Where HUD rules or regulations are incorporated into an insured mortgage, they are binding upon both the mortgagor and mortgagee."); *see also Hernandez v. Home Sav. Ass'n of Dallas County*, 606 F.2d 596, 601 (5th Cir. 1979); *Kersey v. PHH Mortgage Corp.*, 682 F.Supp.2d 588, 592-93 (E.D. Va. 2010).

32. When incorporated into the terms of a mortgage, compliance with applicable HUD-FHA regulations is considered a condition precedent to a mortgagee's authority to foreclose. *Wells Fargo Bank, N.A. v. Cook*, 31 N.E.3d 1125, 1132 (Mass. App. 2015) (determining a mortgagee "was required to comply with the HUD regulations as terms of the mortgage before obtaining the authority to foreclose pursuant to the statutory power of sale."); *Pfeifer v. Countrywide Home Loans, Inc.*, 150 Cal. Rptr. 3d 673, 687 (Cal. App. 2012); *Matthews v. PHH Mortg. Corp.*, 724 S.E.2d 196, 200-01 (Va. 2012); *Lacy-McKinney v. Taylor Bean & Whitaker Mortgage Corp.*, 937 N.E.2d 853, 864 (Ind. Ct. App. 2010).

33. Accordingly, courts have reasoned that a mortgagee's noncompliance with applicable HUD-FHA regulations, including the HUD-FHA regulations concerning loss mitigation, constitute an affirmative defense to a foreclosure action. *Pfeifer*, 150 Cal. Rptr. 3d 673, 687 (Cal. App. 2012) ("These cases hold that the HUD regulations do not create an implied cause of action for damages, but may be used defensively as an affirmative defense to a judicial foreclosure action instituted by the creditor."); *Wells Fargo Home Mortgage, Inc. v. Neal*, 922 A.2d 538, 551 (Md. 2007).

34. Due to the failure to abide by applicable HUD-FHA regulations concerning loss mitigation, any costs or fees incurred in connection with the Foreclosure Action were not warranted and, therefore, will be disallowed. *See, e.g., Ruiz*, 501 B.R. at 80 (disallowing assessment of fees and costs related to pre-petition foreclosure action that did not comply with 41 P.S. §403(a)).

**Property Inspection Fee**

35. The Debtor also objects to the assessment of property inspection fees in the amount of $288.00 (the "Property Inspection Fee").

6

36. As alleged by the Debtor and admitted to by PNC, the Property was never vacant or otherwise abandoned.

37. As a result, the Debtor argues applicable FHA-HUD regulations prevent the assessment of the Property Inspection Fee.

38. In relevant part, applicable FHA-HUD regulations provide:

> The mortgagee, upon learning that a property subject to a mortgage insured under this part is vacant or abandoned, shall be responsible for the inspection of such property at least monthly, if the loan thereon is in default.  When a mortgage is in default and a payment thereon is not received within 45 days of the due date, and efforts to reach the mortgagor by telephone within that period have been unsuccessful, the mortgagee shall be responsible for a visual inspection of the security property to determine whether the property is vacant.  The mortgagee shall take reasonable action to protect and preserve such security property when it is determined or should have been determined to be vacant or abandoned until its conveyance to the Secretary, if such action does not constitute an illegal trespass.  "Reasonable action" includes the commencement of foreclosure within the time required by § 203.355(b) of this part.

24 C.F.R. §203.377.

39. As established by PNC's failure to respond to the Request for Admissions, PNC has never had a property inspection report stating that the property was abandoned or vacant.

40. As a result, the assessment of the Property Inspection Fee in the amount of $288.00 will be disallowed.  *Ruiz*, 501 B.R. at 81.

## CONCLUSION

41. The Objection is **SUSTAINED IN PART** and **OVERRULED IN PART**.

42. As elaborated above, the Debtor established that PNC failed to comply with HUD-FHA regulations concerning loss mitigation and is therefore, according to the terms of the Mortgage, not entitled to reimbursement of any fees and costs incurred in connection with the pre-petition Foreclosure Action.

43. As elaborated above, the Debtor established that PNC was not entitled to the Property Inspection Fee because the Property was never vacant or abandoned.

44. Accordingly, the following charges, in the total amount of $5,428.34, included in the Claim are hereby **DISALLOWED**:

7

       a. attorneys' fees in the amount of $4,372.50;

       b. filing fees and court costs in the amount of $447.84;

       c. title costs in the amount of $200.00;

       d. service costs in the amount of $120.00; and

       e. property inspection fees in the amount of $288.00.

45. After reducing the Claim by the disallowed amounts, this Court finds that PNC has an allowed secured claim in the amount of $55,460.24, with pre-petition arrears in the amount of $12,131.16.

Dated: July 27, 2016

*Magdeline D. Coleman*

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Devon E. Sanders, Esquire
Community Legal Services, Inc.
North Philadelphia Law Center
1410 W. Erie Avenue
Philadelphia, PA  19140

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA  19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA  19107

Courtroom Deputy
Eileen Godfrey